SOUTHWICK, P.J.,
for the Court.
¶ 1. Eddie Lee Peters, Sr. was convicted of two counts of sexual battery and one count of touching a child for lustful purposes. Appointed counsel filed a brief that indicated that there were no issues deserving of reversal. ' This is an authorized áction by appellate counsel. Turner v. State, 818 So.2d 1186, 1189 (Miss.2001). We then are to perform an independent review of the record. We find no error in the proceedings below and affirm.
FACTS
¶ 2. Eddie Lee Peters, Sr. was convicted of two counts of -sexual battery and one count of touching a child for lustful purposes. In December 1996, the young girl told her mother that Peters had been “messing with” her from September through December 1996 when she was in Peters’ custody. An investigation was initiated immediately. The girl was placed in a shelter, where a psychological evaluation was performed. The girl was then placed in her mother’s custody.
¶ 3. Peters was convicted of the abuse and sentenced to thirty years’ imprisonment.
DISCUSSION
¶ 4. If an appellate counsel determines that there are no grounds to make a good faith, ethical claim of trial error in a criminal case, the Court may be so notified. Id. Certain procedural steps safeguard a defendant’s right to counsel in such situations.
(1) Counsel determines that the defendant is unlikely to prevail on appeal.
(2) Counsel files a brief indicating that the record has been examined thoroughly.
(3) Counsel advises the client of the right to file a pro se supplemental brief.
Id. The appellate court is then to examine the record for possible error along with any pro se brief and not just accept the counsel’s assertions. No pro se brief was filed.

Evidence to support conviction

¶ 5. Peters was convicted of sexual battery and of lustful touching. “A person is guilty of sexual battery if he or she engages in sexual penetration with: ... (c) A child under the age of fourteen (14) years-” Miss.Code Ann. § 97-3-95(l)(c), as adopted 1993 Miss. Laws ch. 512, § 2.
¶ 6. The child was eight years old when these offenses occurred. This girl *985 stated that Peters stuck his finger into her vagina and placed his penis into her mouth. Her testimony included a vivid description of the events which took place between them. There was certainly evidence to support conviction under this statute.
¶ 7. The statute on lustful touching as it existed at the time of these events stated this:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of fourteen (14) years, with or without the child’s consent, shall be guilty of a high crime....
Miss.Code Ann. § 97-5-23(1), as adopted 1995 Miss. Laws ch. 487, § 1.
¶ 8. During the child’s testimony, she stated that Peters touched her all over her body with his hands. The direct evidence and inferences that could be derived supported the conviction.

Counsel’s appellate brief

¶ 9. In a footnote in the brief by Peters’ counsel, she noted that there had been a hearing on her motion to dismiss the charges. Two constitutional issues were raised: speedy trial and the right to effective counsel. Counsel states in the brief that the record is incomplete because the transcript of the hearing is unavailable, but asserts through the filing of the Turner brief that there is no reversible error in the denial of that motion.
¶ 10. To understand the speedy trial issue, we have examined the record and found that Peters was arrested on June 26, 1997. After being indicted, Peters waived arraignment on February 13, 1998. Trial began on September 21,1999. Though the measurement of the statutory right explicitly begins with arraignment, Miss.Code Ann. § 99-17-1 (Supp.2003), caselaw has held that the date on which a waiver of arraignment occurs will be treated as an equivalent date. E.g., Poole v. State, 826 So.2d 1222, 1228 (Miss.2002). Peters was to be tried within 270 days of the waiver of arraignment, not including the time covered by continuances duly entered.
¶ 11. There was considerably more than 270 days between the date that arraignment was waived and the beginning of trial. These are the dates which are relevant for the speedy trial issues.
6-26-97 Arrest
10-15-97 Indictment
10-31-97 Attorney appointed
1-20-98 Order substituting counsel
2-13-98 Waiver of arraignment and entry of not guilty. Trial set for 5-25-98.
3-23-98 Peters filed a Motion for Release of Family Court records, or in the Alternative for in Camera Inspection of Family Court records.
5-11-98 The Court heard the Defendant’s motion.
6-1-98 Order issued directing the Harrison County Family Court to transmit complete Family court records on KLP to the Judge for in camera review.
6-29-98 State prepared a Continuance Order indicating that the Court had not received the family court records. Order setting trial date of October 5,1998.
9-14-98 Peters filed a pro se Motion for Speedy Trial asserting a constitutional right to a speedy trial.
10-19-98 Peters filed a Motion to Dismiss because of lack of a speedy trial as guaranteed by the Sixth and Fourteenth amendments of the United States Constitution.
10-5-98 State prepared a Continuance Order indicating that the court had not yet reviewed the family court records. Reset for trial for January 18,1999.
*986 11-9-98 Order denied defendant’s motion for the release of Family Court records.
1-18-99 Circuit Judge declined to hear the trial because he had not yet reviewed the family court records.
1-19-99 Peters filed a Motion to Dismiss Charges for not granting a Trial Within 270 Days of Arraignment.
1-25-99 Peters filed a Motion for Bond Reduction.
2-18-99 Order setting a reduced bond.
2-22-99 Setting Order. Parties agreed to a trial setting of June 7, 1999 because of a conflict with the Judge’s schedule.
2-22-99 Motion for Speedy Trial Violation denied.
6-7-99 Case called for trial. There was a dispute about the State producing items of evidence which had not previously been disclosed. Trial reset for September 20, 1999.
9-15-99 Motion to Dismiss for Failure to Grant a Speedy Trial on both constitutional and statutory grounds.
9-21-99 Trial commenced.
¶ 12. Beginning about six weeks after the waiver of arraignment and continuing until February 1999, the court dealt with an issue that Peters himself raised with his motion to require the release of family court records. Though the trial judge himself may have taken more time to review the records than was absolutely necessary, we find that the defendant’s seeking this review and the trial court’s granting it are sufficient reasons to consider that part of the delay to be the responsibility of Peters himself. Then from February 22 until June 7, 1999, the trial was delayed because of a crowded trial docket. The defendant agreed to the delay between those periods, and an order was duly entered. At most, the period between February 13 and March 23, 1998, and from June 7 until September 21, 1999, could be considered delays for which continuances were not duly entered. There was no violation of the statutory right to a speedy trial.
¶ 13. As to the Sixth Amendment speedy trial right, there are four factors to consider in determining whether there has been a violation: (1) length of delay; (2) reason for delay; (3) whether the defendant has asserted his right to a speedy trial; and (4) Whether defendant was prejudiced by the delay. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
¶ 14. We examine each of these factors.

Length of Delay

 ¶ 15. There is no specific length of time to determine whether a speedy trial constitutional right has been violated. Barker, 407 U.S. at 523, 92 S.Ct. 2182. The applicable time begins to run from the date Peters was arrested on June 26, 1997. Moore v. State, 837 So.2d 794, 798 (Miss.Ct.App.2003). From this date until trial 452 days passed. The Supreme Court has held that a delay of eight months or longer is “presumptively prejudicial.” Smith v. State, 550 So.2d 406, 408 (Miss.1989). This extensive of a delay leads to the need to exam the other Barker factors.

Reason for Delay

¶ 16. There is no indication in the record as to the reason for delay between arrest and indictment, a period of three and a half months. From the indictment in October 1997 until the plea of not guilty in February 1998, there was another four months. The initial trial date was to be May 25, 1998. On March 23, 1998, Peters filed a motion to release certain family court records, or at least to have an in camera inspection. On June 1, 1998, an order directed the Harrison County Fami *987 ly Court to deliver the records to the trial judge for in camera review. Over the next few months, tentative trial dates were set followed by continuances because of the need for the court to review the family court records. In October 1998 the State filed a continuance order because the court had not yet reviewed the family court records. At this time the trial was reset for January 18, 1999. On January 18, 1999, the judge postponed the trial because he had not yet reviewed the'reeords.
¶ 17. Many of these delays were caused by the trial judge, as he continued to fail to find an opportunity to review the relevant records. The delay resulted from an obligation created by the defendant’s motion, granted by the judge, to review these records. We find that this delay should be considered to be a neutral matter, caused neither by the State nor by the appellant.
¶ 18. On February 22, 1999, all parties agreed to a trial setting of June 7, 1999, delayed over the intervening months because of other hearings and trials to be conducted by the judge. Congested court dockets may constitute good cause for a trial’s delay. Polk v. State, 612 So.2d 381, 387 (Miss.1992). On June 7, 1999, when the case was called for trial, there was a dispute about the State’s producing items of evidence which had not previously been disclosed. The trial was reset for September 20, 1999. The record indicates that the defense attorney selected this date to conform with her schedule, even though earlier trial dates were offered by the State.
¶ 19. Both the State and the defendant contributed to the length of time between arrest and trial, with no unreasonable actions by either party being apparent.

Assertion of Right

¶ 20. Peters filed a pro se motion for speedy trial on September 14, 1998. He filed a motion to dismiss for lack of a speedy trial on October 19, 1998. He again filed a motion to dismiss because of the speedy trial issue on January 19, 1999. On September 15,1999, Peters filed another such motion. Peters was vigorous in asserting his right.

Prejudice

¶ 21. We find no indication of prejudice arising from the delay. There are no assertions of lost witnesses, hazy memories, or destroyed evidence. If there is no intentional delay and no obvious prejudice, the balance is in favor of rejecting the speedy trial claim. Rhymes v. State, 638 So.2d 1270, 1275 (Miss.1994). We find no basis to find a violation of this Sixth Amendment right.
¶ 22. We find no other issue after our review of the record that justifies a discussion. We admonish counsel, though, that Turner briefs should not be filed except in the most extreme cases in which no possible argument in favor of the defendant can be made. As our review of the speedy trial matter revealed, there was the kind of delay in this case that requires some analysis on the part of the Court on whether any rights of the appellant were violated. Counsel should err well on the side of providing assistance to the Court in its appellate review responsibilities when counsel is considering the possibility of submitting a Turner brief.
¶ 23. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS ON EACH COUNT AND ONE COUNT OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS, WITH SENTENCES TO RUN CONCURRENTLY DAY FOR DAY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF COR *988 RECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.